# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00172-KDB-SCR

| | |
|---|---|
| BELVIN SHERRILL and AURELIA SHERRILL,<br><br>                              Plaintiffs,<br><br>    v.<br><br>AZIYO BIOLOGICS, INC., et. al.,<br><br>                             Defendants. | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Upon stipulation of the Parties for an order (i) pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that confidential information be disclosed only in designated ways and (ii) pursuant to Rule 502(b) of the Federal Rules of Evidence, that the disclosure of privileged information shall not constitute a waiver,

**IT IS HEREBY ORDERED** that:

**A.**     **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential or Attorneys' Eyes Only Information as defined below. This Order is subject to the Federal Rules of Civil Procedure and the Local Rules for the Western District of North Carolina. Nothing in this Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence. This Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the

applicable legal principles for treatment as confidential.  As used herein, the term "Party" or "Parties" shall refer to one or more of the parties to this litigation, the term "Producing Party" shall refer to the Party producing documents, and the term "Receiving Party" shall refer to the Party receiving documents from the Producing Party.

**B.     Confidential or Attorneys' Eyes Only Information.** As used in this Order, "Confidential or Attorneys' Eyes Only Information" means information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals a trade secret or other confidential research, development, financial, or commercial information; (c) medical information concerning any individual or other information subject to federal or state privacy rights, including but not limited to information that is deemed confidential under Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) personnel or employment records of a person who is not a Party to the case.  Information or documents that are available to the public may not be designated as Confidential or Attorneys' Eyes Only Information.

**C.     Designation**.  A Producing Party may designate a document as Confidential or Attorneys' Eyes Only Information for protection under this Order by placing or affixing the words "**CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] - SUBJECT TO PROTECTIVE ORDER**" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or Attorneys' Eyes Only Information. The marking "**CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] - SUBJECT TO PROTECTIVE ORDER**" shall be applied prior to or at the time of the

documents are produced or disclosed. Applying the marking "**CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] - SUBJECT TO PROTECTIVE ORDER**" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "**CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] - SUBJECT TO PROTECTIVE ORDER**" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. The designation of a document as Confidential or Attorneys' Eyes Only Information is a certification by an attorney that the document contains Confidential or Attorneys' Eyes Only Information as defined in this order.

**D.** **Depositions**. Deposition testimony taken in this case may be designated as Confidential or Attorneys' Eyes Only Information during the deposition or up until 30 days after the final transcript is delivered to each Party. The designating Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated as Confidential or Attorneys' Eyes Only Information, and thereafter only those portions identified in the Notice of Designation or on the record at the deposition shall be protected by the terms of this Order.

**E.** **Protection of Confidential or Attorneys' Eyes Only Material.**

    1. <u>General Protections</u>. Confidential or Attorneys' Eyes Only Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (2)(a)–(i) for any purpose whatsoever other than in this litigation, including any appeal thereof.

2. <u>Limited Third-Party Disclosures</u>. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential or Attorneys' Eyes Only Information to any third person or entity, except as set forth in subparagraphs (a)–(i). Subject to these requirements, the following categories of persons may be allowed to review Confidential or Attorneys' Eyes Only Information:

(a) Counsel. Counsel for the Parties and employees of counsel who have responsibility for the action;

(b) Parties (Only for Confidential Information and not for Attorneys' Eyes Only Information). Individual Parties and employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(c) The Court and its personnel;

(d) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(e) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(f) Consultants and Experts. Non-attorney consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, but only if (i) the consultant, investigator, or expert is not employed by or a principle of a competitor of the Producing Party; (ii) the disclosure is limited to that which is reasonably necessary to develop evidence in the course of this proceeding; (iii) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses,

and for no other purpose; (iv) the person is not permitted to retain the designated information after the person is questioned regarding the designated information; (v) the person is explicitly informed that this Order forbids him or her to use or disclose the designated information except as otherwise permitted under this Order and that he or she is subject to this Court's jurisdiction for the purposes of enforcing this Order; and (vi) such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (g)    Witnesses at depositions:

        i.    If not an author or recipient. (Only for Confidential Information and not for Attorneys' Eyes Only Information). During their depositions, or during preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Witnesses at depositions who are <u>not</u> authors or recipients may not have access to Attorneys' Eyes Only Information.

        ii.    If an author or recipient. During their depositions, or during preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of

documents containing Confidential or Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential or Attorneys' Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

  iii. Author or recipient. Any person who (1) authored, is listed as a recipient of, or is mentioned, discussed, or referred to in the Confidential or Attorneys' Eyes Only Information; (2) is or was a custodian of the Confidential or Attorneys' Eyes Only Information; (3) is an employee of the Party producing the Confidential or Attorneys' Eyes Only Information; or (4) was an employee of the Producing Party of the Confidential or Attorneys' Eyes Only Information and who has signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

 (h) Mediators. Mediators agreed upon by the Parties and assistants or employees of the mediators; and

 (i) Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

3. <u>Control of Documents</u>.

(a) Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Attorneys' Eyes Only Information.

(b) Counsel for the Parties shall maintain the originals of the Acknowledgment of Understanding and Agreement to Be Bound.

4. <u>Security of Confidential or Attorneys' Eyes Only Information</u>.  Any person in possession of another Party's Confidential or Attorneys' Eyes Only Information shall exercise the same care with regard to the storage, custody, or use of Confidential or Attorneys' Eyes Only Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Confidential or Attorneys' Eyes Only Information from loss, misuse, and unauthorized access, disclosure, alteration, and destruction, including but not limited to:

(a) Confidential or Attorneys' Eyes Only Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Confidential or Attorneys' Eyes Only Information under this Order;

(b) An audit trail of use and access to litigation support site(s), as well as a list of persons with access to Confidential or Attorneys' Eyes Only Information, shall be maintained while this Litigation, including any appeals, is pending;

(c) Any Confidential or Attorneys' Eyes Only Information downloaded in electronic format from the litigation support site(s) or any other location where such information is maintained shall be stored only on device(s) (*e.g.*, laptop, tablet, smartphone,

7

Case 5:21-cv-00172-KDB-SCR   Document 51   Filed 01/09/24   Page 7 of 18

thumb drive, portable hard drive) that are password-protected and/or encrypted with access limited to persons entitled to access Confidential or Attorneys' Eyes Only Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Confidential or Attorneys' Eyes Only Information shall be password-protected and/or encrypted at the file level.

(d) Confidential or Attorneys' Eyes Only Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Confidential or Attorneys' Eyes Only Information under this Order; and

(e) Summaries of Confidential or Attorneys' Eyes Only Information, including any lists, memorandum, indices, or compilations prepared or based on an examination of Confidential or Attorneys' Eyes Only Information, that quote from or paraphrase Confidential or Attorneys' Eyes Only Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Confidential or Attorneys' Eyes Only Information.

(f) If the recipient of Confidential or Attorneys' Eyes Only Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Confidential or Attorneys' Eyes Only Information has been retrieved or viewed by unauthorized Parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

(g) If the Receiving Party discovers a breach of security[1] relating to the Confidential or Attorneys' Eyes Only Information of a Producing Party, the Receiving Party shall: (1) immediately after discovery of the breach, provide written notice to the Producing Party; (2) promptly investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Producing Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

(h) Upon discovery of a breach of this Confidentiality Order, Counsel maintaining the originals of the signed acknowledgment forms will produce to the Producing Party copies of available forms signed by the individual or entity who committed the breach if the identity of the breaching person or entity is known. If unknown, Counsel maintaining the originals of the signed acknowledgement forms will produce all signed acknowledgement forms to the Court for *in camera* inspection, at which time the Court may provide them to the Producing Party on good cause shown.

**F.** **Failure to Designate.** A failure to designate a document as Confidential or Attorneys' Eyes Only Information does not waive the right to later designate the document. If a Party designates a document as Confidential or Attorneys' Eyes Only Information after it was initially produced without such designation, a corrected copy of the document with a corrected designation shall be produced by the Producing Party. Upon receipt of such corrected designation, the Receiving Party

---

[1] Breach is defined as the confirmed or suspected: (i) disclosure or use of Confidential Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device, server, or other information repository containing Confidential Information.

must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

**G. Filing of Confidential or Attorneys' Eyes Only Information Under Impoundment or Seal.** Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that quotes or attaches as an exhibit Confidential or Attorneys' Eyes Only Discovery Material (a "Filing Under Seal") is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to the provisions of Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 6.1 of the Western District of North Carolina. The parties acknowledge that it may be necessary to file confidential discovery into evidence, either at the trial of the matter or as an attachment to other filings with the Court. Before filing any document designated as Confidential or Attorneys' Eyes Only, the party proposing the filing shall contact the party who has designated the document as Confidential or Attorneys' Eyes Only and request permission to file the discovery as unsealed in the public record. Said permission shall not be unreasonably denied. In the event that such permission is denied, leave of the court must be obtained by the party who seeks to file the confidential evidence before any document is filed under seal.

**H. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

**I. Challenges by a Party to Designation as Confidential or Attorneys' Eyes Only Information.** The designation of any material or document as Confidential or Attorneys' Eyes

Only Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

      1.      <u>Meet and Confer</u>. A Party challenging the designation of Confidential or Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring in writing with counsel for the designating Party. In conferring, the challenging Party must identity the documents with specificity, including by Bates-number, and explain the basis for its belief that each or any confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond in writing to the challenge within fourteen (14) days.

      2.      <u>Judicial Intervention</u>. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the challenged materials as Confidential or Attorneys' Eyes Only Information under the terms of this Order.

**J.**    **Action by the Court.** Applications to the Court for an order relating to materials or documents designated as Confidential or Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**K.**    **Use of Confidential or Attorneys' Eyes Only Documents or Information at Hearings or Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or

11

Case 5:21-cv-00172-KDB-SCR    Document 51    Filed 01/09/24    Page 11 of 18

information at any trial or hearing. Proceedings at hearings and trial, the closure of trial proceedings, and the sealing of the record involve considerations not presently before the Parties or the Court. These issues may be taken up as a separate matter upon the motion of any of the Parties at the threshold of hearings or trial consistent with the applicable local rules or orders of the Court. Notwithstanding the foregoing, this Order shall continue to apply after trial to all Confidential or Attorneys' Eyes Only Information not disclosed during the trial or any hearings in this case.

**L.     Confidential or Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation**.

1.     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Attorneys' Eyes Only Information, the Receiving Party must, in writing and within three (3) days after receiving such subpoena or order, notify the designating Party, the Producing Party (if different from the designating Party) and the Party who caused the subpoena or order to issue. Notifications to the designating Party must include a copy of the subpoena or court order. Notifications to the Party who caused the subpoena or order to issue must include a copy of this Order.

2.     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential or Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The designating Party and/or the Producing Party (if different from the designating Party) shall bear the burden and the expense of seeking protection in that court of its Confidential or Attorneys' Eyes Only Information, and nothing in this Order should be construed as authorizing

or encouraging a Receiving Party in this action to disobey a lawful subpoena from an entity with subpoena power or a lawful order from another court. Absent further clarification from this Court, the entity subpoenaing Confidential or Attorneys' Eyes Only Information, or the court ordering disclosure of Confidential or Attorneys' Eyes Only Information in other litigation, any subpoena or court order that would compel disclosure of any material or document designated in this action as Confidential or Attorneys' Eyes Only Information shall be presumed to be lawful, and compliance by the Receiving Party with any such subpoena or order shall not constitute a breach of this Order. Likewise, any agreement obtained by the designating Party and/or the Producing Party (if different from the designating Party) from the subpoenaing person or entity, or any order obtained from the court ordering disclosure in other litigation that the confidential status of the information produced will be subject to this or another Protective Order will maintain the protected status of the Confidential or Attorneys' Eyes Only Material in this matter. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential or Attorneys' Eyes Only Information by the other Party to this case.

**M.     Obligations on Conclusion of Litigation**.

1.     <u>Order Continues in Force</u>. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

2.     <u>Obligations at Conclusion of Litigation</u>. After the final disposition of this action, within sixty (60) days of receiving a written request by the Producing Party, all material and documents designated as Confidential or Attorneys' Eyes Only Information under this Order, including copies as defined in paragraph (C), and including copies provided by the Receiving Party

13

to others, shall be returned to the Producing Party or destroyed by the Receiving Party. However, counsel for Plaintiffs may retain Protected Material until the closure of Saltz Mongeluzzi & Bendesky's final FiberCel lawsuit either by submission of a stipulation or motion for dismissal with prejudice or by final adjudication. Plaintiff's counsel will notify all Designating Parties upon the closure of Plaintiffs' Counsel's final FiberCel case, and within sixty (60) days of a written request by the Producing Party, Plaintiff's Counsel must return all Protected Material to the Producing Party or destroy such material. If the Receiving Party elects to destroy, rather than return, documents subject to this Order, the Receiving Party shall timely certify such destruction to the Receiving Party.

3. <u>Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System</u>. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**N.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or by agreement of the Parties, or on motion of a Party or any other person with standing concerning the subject matter.

**O.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential or Attorneys' Eyes Only Information by counsel or the Parties is entitled to protection, or otherwise until such time as the Court may rule on a specific document or issue.

**P.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**Q.     Disclosure of Privileged Materials.**  The Parties agree that North Carolina law shall govern the handling of privileged information, including claims of privilege.

1. The production or disclosure during discovery of a document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Protected Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Producing Party in this or any subsequent state or federal proceeding.

2. If any Party becomes aware of the production of Protected Material by any other Party, the Party shall provide written notice of such production to the Producing Party.

3. Any Party that becomes aware of having produced Protected Material shall give written notice to the Receiving Party or Parties.  The Producing Party shall provide a privilege log covering the Protected Material within seven (7) days of providing written notice described herein. Within three (3) business days of receipt of notice by any Party that Protected Material was produced or disclosed, sufficiently identified by Bates-number or other method to enable its identification, recipients of the Protected Material shall collect all copies or reproductions thereof, together with all notes or other work product that summarize, discuss, or quote the contents of such Protected Material, and shall delete (and certify deletion to the Producing Party) such material from any medium, and return any and all copies to the Producing Party.

4. The Receiving Party may make no use of such Protected Material.

5. If the recipient disputes the protected nature of the Protected Material, then the recipient shall so notify the Producing Party in writing within a reasonable time after receipt of the privilege log described herein.  If the dispute cannot be resolved after conferring in good faith with the Producing Party, the recipient Party may promptly file a motion with the Court to compel

15
Case 5:21-cv-00172-KDB-SCR    Document 51    Filed 01/09/24    Page 15 of 18

production of such documents, information, and materials. If the Protected Material is to be provided to the Court in connection with such motion, the Producing Party shall provide it under seal or *in camera*, as appropriate. The Producing Party shall have the burden of demonstrating the protected nature of the Protected Material. The Producing Party must retain the information until the claim is resolved.

**SO ORDERED.**  Signed: January 9, 2024

*Susan C. Rodriguez*
Susan C. Rodriguez
United States Magistrate Judge

# ATTACHMENT A

WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00172-KDB-SCR

| | |
|---|---|
| Belvin Sherrill and Aurelia Sherrill,<br><br>      Plaintiffs,<br><br> v.<br><br>DCI Donor Services, Inc., DCI Donor Services, Inc., d/b/a New Mexico Donor Services, Aziyo Biologics, Inc., Medtronic Sofamor Danek USA, Inc., and Spinalgraft Technologies, LLC,<br><br>      Defendants. | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

  The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality and Protective Order dated _____, 2024 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Western District of North Carolina. for all purposes arising from the Stipulated Confidentiality and Protective Order and understands that the terms of the Stipulated Confidentiality and Protective Order obligate him/her to use materials designated as Confidential or Attorneys' Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Attorneys' Eyes Only Information to any other person, firm, or concern. The undersigned acknowledges that his/her signed acknowledgement may be provided to the Producing Party or the Court upon discovery of a breach of the Confidentiality Order.

  The undersigned acknowledges that violation of the Stipulated Confidentiality and Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:

_____

_____

_____

Date: _____

Signature: _____