IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00172-KDB-SCR

| | |
|---|---|
| BELVIN SHERRILL AND AURELIA SHERRILL, <br><br> Plaintiffs, <br><br> v. <br><br> AZIYO BIOLOGICS, INC.; DCI DONOR SERVICES, INC.; ANDNEW MEXICO DONOR SERVICES, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel as to Defendant Aziyo Biologics, Inc. ("Aziyo"). (Doc. No. 128). For the reasons discussed below, the Court will **in part GRANT** and **in part DENY** the motion.

## I. LEGAL STANDARD

The rules of discovery are to, within bounds, be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

1

Fed. R. Civ. P. 26(b)(1). Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *See Earthkind, LLC v. Lebermuth Co. Inc.*, No. 519CV00051KDBDCK, 2021 WL 183413, at *2 (W.D.N.C. Jan. 19, 2021); *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))). Fed. R. Civ. P. 37(a)(1). The decision to grant or to deny a motion to compel production rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion." (citation omitted)); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

## II.  DISCUSSION

Plaintiffs' Motion complains that Aziyo has allegedly been less than forthcoming with production during discovery. Specifically, they ask that Aziyo be required to supplement its responses to Plaintiffs' Interrogatory No. 7 and Plaintiffs' Request for Production No. 23 which asked and requested:

> Has Aziyo ever been investigated by the FDA, or any other local, state, or federal governmental agency for any matter related to contaminated products, including, but not limited to, the Recalled FiberCel? If so, please explain.

….
> All documents related to any claim, complaint, or reports of incidents, injuries or fatalities caused by FiberCel, received by Aziyo from any source, including directly from users of the product; through hospitals and physicians; through state or local government officials, including state and local government health departments; or through international government agencies.

In response, Aziyo supplemented its response to Interrogatory No. 7, and asserts that it has produced "all formal communication with the FDA related to the 2023 FDA investigation within Aziyo's possession, custody, or control." Doc. No. 149. Plaintiffs dispute this, arguing that the context of the request and the FDA communication on which it is based suggest that more documents are available and must be produced.

After weighing these arguments, the Court concludes that in the exercise of its discretion and with due regard for the proximity of this matter to trial, Aziyo should be required to produce, not later than 12:00 PM, October 25, 2024, all communications of any kind (including attachments) between itself and the FDA – whether "formal" or "informal" – related to the 2023 FDA investigation. However, the Court finds that ordering the search for, review, and production of internal communications, including emails, would be overly burdensome at this stage of the litigation and thus declines to compel their production.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiffs' Motion to Compel (Doc. No. 128) is **GRANTED in part** and **DENIED in part** as described in this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 16, 2024

Kenneth D. Bell
United States District Judge